No. 3272.—ALEXANDER McKEE, Use, etc., v. WILLIAM H. BROWN.

The charter of the late City of Jefferson required a petition signed by the owners of
one-fourth of the land on the entire length of the street to authorize the Council to cause·
a banquette to be constructed thereon, and to impose the burdens thereof on the front
proprietors. Under this statute it was held that if the Council gave out a contract for
banquetting a portion of the street, on the basis that more than one-fourth of the land
owned by the proprietors on the part of the street which was improved had petitioned
the Council therefor, that then and in that case the front proprietors of the part of the
street so improved could not be compelled to contribute to the expense thereof, because
the contract had been given out by the Council in violation of law.

APPEAL from the Fifth District Court, parish of Orleans.  *Leaumont*,
J.  *Fellows & Mills*, for plaintiff and appellee.  *W. B. Koontz &
Elliott*, for defendant and appellant.

HOWE, J.  The only question involved in this case is the construc-
tion of the following clause in paragraph twelve, section seven, of the
charter of the late City of Jefferson; act of 1867, p. 111: "When the
proprietors of land fronting on any public street or avenue, comprising
one-fourth of the front on said street, shall petition the Council there-
for, the Council shall cause the streets to be opened, widened or
improved with ·banquettes, sidewalks, shell or plank roads, or paved
streets, if after thirty days' notice a majority similarly constituted of
front property owners shall not object thereto."

It was decided by the court *a qua* that these proceedings might be·
provoked by the proprietors of one-fourth of the land fronting on a
*portion* of the street, in such a way as to compel the Council to improve
that portion only, and force the proprietors of the three-fourths front-
ing on the same portion to contribute.  In this case the work done
was flagging on nine squares of Peters avenue, a street which is shown
to be forty squares in length.  The petitioners, by whom the proceed-
ings were initiated, owned and signed for about one-tenth only of the
entire front, but more than one-fourth of the front improved.

The appellant contends that the provision cited must be strictly
complied with before he can be compelled to contribute, and that by·
its terms it plainly requires the proceedings to be provoked by the
request of the owners of one-fourth of the front on the whole street.
We think his views correct.  The language of the statute is plain; its
object is to confer a power similar in character to that of expropriation,.
and it ought not to be extended by implication.

The language being plain, the argument from inconvenience, urged·
by appellee, is not satisfactory.  The fact that a large portion of Peters.
avenue lies in the swamp, and that the front proprietors on that por-
tion would not be apt to join in the necessary petition for banquettes,.
while it might help to explain doubtful language, could not confer on·
the City of Jefferson any powers beyond those expressly given, nor on
the plaintiff any right against the defendant beyond that which springs·
from a strict compliance with the statute.

It may be remarked that the charters of New Orleans have used different language on this subject. Thus the charter of 1856 said: "That whenever one-fourth of the owners of real property, fronting upon any unpaved or unbanquetted street in the city of New Orleans, shall by petition, signed by petitioners and addressed to the Common Council of said city, ask for the paving or for the banquetting of said street, *or for any portion thereof*, said Common Council shall cause said petition to be published; and if a majority of the owners of real property fronting on said street, *or said portion thereof*, shall not, by memorial addressed to said Common Council, object to the same, said Common Council shall order said paving or banquetting to be made," etc. Acts 1856, p. 164, sec. 119, 120. And the charter of 1870 has similar provisions.

There is no reason to suppose this difference between the powers conferred on New Orleans and those conferred on Jefferson to have been accidental, and the fact seems to justify our conclusion.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment for defendant with costs.